UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
Jacqueline M. Thurlby § Case No. 13-33758
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

      5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

      6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____ .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $ \_\_\_\_\_ as interim compensation and now requests a sum of $ \_\_\_\_\_, for a total compensation of $ \_\_\_\_\_[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ \_\_\_\_, and now requests reimbursement for expenses of $ \_\_\_\_, for total expenses of $ \_\_\_\_[2].

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/STEVEN R. RADTKE_____
                                                               Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Exhibit A

| Case No: | 13-33758 | JPC | Judge: | Jacqueline P. Cox | Trustee Name: | STEVEN R. RADTKE |
|---|---|---|---|---|---|---|
| Case Name: | Jacqueline M. Thurlby | | | | Date Filed (f) or Converted (c): | 08/23/2013 (f) |
| | | | | | 341(a) Meeting Date: | 10/07/2013 |
| For Period Ending: | 12/23/2014 | | | | Claims Bar Date: | 05/12/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Chase Accounts. Debtor's Combined Savings/Checking Account. | 1,272.75 | 1,272.75 | | 0.00 | FA |
| 2. Citibank Account Location: In Debtor's Possession | 4,090.00 | 90.00 | | 0.00 | FA |
| 3. Household Furniture, Furnishings. 2 Rooms. 1 Bedroom And 1 L | 4,800.00 | 4,800.00 | | 0.00 | FA |
| 4. Clothing For One Woman Location: In Debtor's Possession | 500.00 | 0.00 | | 0.00 | FA |
| 5. Jewelry - Wedding Ring, Band Location: In Debtor's Possessio | 750.00 | 750.00 | | 0.00 | FA |
| 6. Cade Thurlby. Money Loaned To Son. Location: In Debtor's Po | 1,500.00 | 1,500.00 | | 0.00 | FA |
| 7. Possible Real Estate Commissions. 2 properties under contrac  Original schedule filed valued asset at $28,316; amended schedule 10/4/13 valued asset at $35,977.00; amended schedule 2/26/14 valued asset at $37,977.87 | 37,977.87 | 4,248.00 | | 28,483.40 | FA |
| 8. Illinois Real Estate License. Value Unknown. Location: In D | 0.00 | 0.00 | | 0.00 | FA |
| 9. 2004 Gmc Envoy. 148,000 Miles. Location: In Debtor's Posses | 3,261.00 | 861.00 | | 0.00 | FA |
| 10. 2006 Ford Escape. In Possession Of Former Husband. Debtor | 4,841.00 | 4,841.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $58,992.62 | $18,362.75 | | $28,483.40 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor scheduled possible real estate commissions totaling $35,977 subject to claim of exemption; Trustee filed objection to claim of exemption; case settled and 75% of all subject real estate commissions to be paid to Trustee; Trustee collected $28,483.40; Trustee employed accountant to prepare tax returns; as of 6/30/14 waiting for tax returns to be prepared.

Initial Projected Date of Final Report (TFR): 06/30/2015        Current Projected Date of Final Report (TFR): 06/30/2015

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 13-33758 | | Trustee Name: | STEVEN R. RADTKE |
| --- | --- | --- | --- | --- |
| Case Name: | Jacqueline M. Thurlby | | Bank Name: | Associated Bank |
| | | | Account Number/CD#: | XXXXXX5539 |
| | | | | Checking |
| Taxpayer ID No: | XX-XXX7158 | | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 12/23/2014 | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| --- | --- | --- | --- | --- | --- | --- |
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/18/14 | 7 | Keller Williams Realty Infinity<br>608 S. Washington Street<br>Suite 100<br>Naperville, IL 60540 | Real Estate Sales Commissions<br>75% of real estate commissions per Order dated 3/6/14 | 1121-000 | $23,101.61 | | $23,101.61 |
| 03/18/14 | 7 | Keller Williams Realty Infinity<br>608 S. Washington Street<br>Suite 100<br>Naperville, IL 60540 | Real Estate Sales Commissions<br>75% of Real Estate Commission per order dated 3/6/14 | 1121-000 | $5,381.79 | | $28,483.40 |
| 04/07/14 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $24.58 | $28,458.82 |
| 07/28/14 | 1001 | United States Treasury<br>Department of the Treasury<br>Internal Revenue Service Center<br>Cincinnati, OH 45999-0148 | FEIN: 46-7357158; 2013 Form 1041 | 2810-000 | | $818.00 | $27,640.82 |
| 07/28/14 | 1002 | Illinois Department of Revenue<br>P.O. Box 19053<br>Springfield, IL 62794-9053 | FEIN: 46-7357158; 2013 IL-1041 | 2820-000 | | $803.00 | $26,837.82 |

|  |  |  |
| --- | ---: | ---: |
| COLUMN TOTALS | $28,483.40 | $1,645.58 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $28,483.40 | $1,645.58 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $28,483.40 | $1,645.58 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*            Page Subtotals:   $28,483.40   $1,645.58

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5539 - Checking | $28,483.40 | $1,645.58 | $26,837.82 |
| | $28,483.40 | $1,645.58 | $26,837.82 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $28,483.40 |
| Total Gross Receipts: | $28,483.40 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 13-33758  
Debtor Name: Jacqueline M. Thurlby  
Claims Bar Date: 5/12/2014

Date: December 23, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $3,598.34 | $3,598.34 |
| 100 2200 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $0.00 | $0.00 |
| 100 3110 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $5,175.00 | $5,175.00 |
| 100 3120 | STEVEN R. RADTKE<br>CHILL, CHILL & RADTKE, P.C.<br>79 WEST MONROE STREET<br>SUITE 1305<br>CHICAGO, IL 60603<br>, | Administrative | | $0.00 | $3.24 | $3.24 |
| 100 3410 | Popowcer Katten Ltd.<br>35 East Wacker Drive, Suite 1550<br>Chicago, IL 60601-2124 | Administrative | | $0.00 | $1,053.50 | $1,053.50 |
| 1 400 4110 | Internal Revenue Service<br>Central Insolvency Operation<br>Po Box 7346<br>Philadelphia, Pa 19101-7346 | Secured | | $0.00 | $52,150.75 | $52,150.75 |
| | Case Totals | | | $0.00 | $61,980.83 | $61,980.83 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1                                                          Printed: December 23, 2014

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-33758
Case Name: Jacqueline M. Thurlby
Trustee Name: STEVEN R. RADTKE

Balance on hand                                             $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | Internal Revenue Service | $ | $ | $ | $ |

Total to be paid to secured creditors                       $_____

Remaining Balance                                           $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Attorney for Trustee Fees: STEVEN R. RADTKE | $ | $ | $ |
| Attorney for Trustee Expenses: STEVEN R. RADTKE | $ | $ | $ |
| Accountant for Trustee Fees: Popowcer Katten Ltd. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance                                           $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

NONE

  In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

  Allowed priority claims are:

NONE

  The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

  Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

  Timely allowed general (unsecured) claims are as follows:

NONE

  Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be         percent.

  Tardily filed general (unsecured) claims are as follows:

NONE

  Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be         percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE